Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Classes*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Heidarpour, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Secured Marketing Concepts Corp., a Delaware Corporation, d/b/a Pacific One Lending<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Fred Heidarpour ("Heidarpour" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Secured Marketing Concepts Corp. d/b/a Pacific One Lending ("Pacific One" or "Defendant") to (1) stop its practice of placing calls using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide their prior written express consent to receive them, and (3) obtain redress for all persons injured by their conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendant Pacific One is a financial services company based in Huntington Beach, California.

2. Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its business and generate leads for its products and services, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited, prerecorded phone calls to consumers' phones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

3. By making the prerecorded calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes: (1) the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, (2) wear and tear on their telephones, (3) loss of peace and tranquility as the result of the intrusive calls, and (4) the diminished use, enjoyment, value and utility of their telephones. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and other Class members' use and enjoyment of, and the ability to access their phones.

4. The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff brings this action seeking injunctive relief, requiring Defendant to cease all prerecorded telephone calling activities to telephones without first obtaining prior express consent that is required by the TCPA, as well as an award of statutory damages to the members of the Class under the TCPA, together with costs, pre and post-judgment interest, and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Heidarpour is a natural person and resident of Scottsdale, Arizona.

6. Defendant is a Delaware corporation with its headquarters located at 18377 Beach Blvd., Suite 210, Huntington Beach, CA 92648. Defendant does business as Pacific One Lending.

**JURISDICTION AND VENUE**

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

8. This Court has personal jurisdiction over Defendant because it has solicited and entered into business contracts in this District, and it made the calls at issue in this case and directed such intrusive calls to telephone owners in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff received the unlawful calls in this District and the calls were directed to persons residing, at least in part, in this District. Additionally, Defendant markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this district.

**COMMON FACTUAL ALLEGATIONS**

10. Defendant is a California-based financial services company.

3

11. In recent years, Defendant and other similar companies have turned to unsolicited telemarketing as a way to increase their customer base. Widespread telemarketing is one of the primary methods by which the Defendant recruits new customers.

12. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

13. Yet, in violation of this rule, Defendant fails to obtain any prior express written consent to make these prerecorded telemarketing calls to residential telephone numbers.

14. In placing the calls that form the basis of this Complaint, Defendant utilized a prerecorded voice or voice message when making the calls at issue in this case.

15. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing calls are being made to consumers' residential telephones through its own efforts and its agents. All calls were made on behalf of, and for the benefit of the Defendant.

16. Defendant knowingly made (and continues to make) unsolicited telemarking calls without the prior express written consent of all call recipients. In so doing, Defendant not only invaded the personal privacy of the Plaintiff and members of the putative Class, but Defendant also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF HEIDARPOUR**

4

17. On September 22, 2020, Plaintiff answered a telephone call placed to Plaintiff's residential landline telephone (with a number ending in 5903) from (480) 595-3659. Upon answering, Plaintiff realized that the call featured an artificial or pre-recorded voice, specifically "avatar" or "soundboard" technology. This technology involves humans listening into a call and attempting to press computer buttons to generate a pre-recorded response that would be consistent with what a human operator may say. The call solicited Plaintiff regarding home equity financial products. On information and belief, this call was placed to solicit the purchase of Pacific One's products and services. Ultimately, Plaintiff wasn't interested and hung up.

18. A couple of days later, on September 24, 2020, Heidarpour received a call from the number (949) 438-4749. Plaintiff did not answer this call, but called the number back to find out who called. The recording when the number was dialed back identified the business as Pacific One. Plaintiff then hung up again.

19. From that point forward, Plaintiff received at least three (3) additional calls from Pacific One, including at least one call (on January 26, 2021) *after* Plaintiff had asked Defendant to stop calling him.

20. Plaintiff has never provided his prior express written consent for Defendant to call him using a pre-recorded voice.

21. By making unauthorized prerecorded calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of his phone. In the present case, a consumer could be subjected to many unsolicited calls as the Defendant ignores the requirement of prior express written consent.

22. In order to redress these injuries, Plaintiff on behalf of himself and the Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*

23. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unlawful telemarketing activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made prerecorded calls, (2) to the person's residential telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send prerecorded calls to the Plaintiff.

25. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons

whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

26. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it clear that individual joinder is impracticable.  On information and belief, Defendant made prerecorded calls to thousands of consumers who fall into the definition of the Class.  Members of the Class can be easily identified through Defendant's records.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether Defendant's conduct constitutes a violation of the TCPA;
   b. Whether Defendant made calls (or had calls made on its behalf or for its benefit) using a prerecorded voice or recorded messages;
   c. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and
   d. Whether Defendant obtained prior express consent to contact any class members using a prerecorded voice.

28. **Adequate Representation**:  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the

1 members of the Class, and have the financial resources to do so. Neither Plaintiff
2 nor his counsel has any interest adverse to the Class.

29. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**

**(Violation of 47 U.S.C. § 227)**

**(On behalf of Plaintiff and the Prerecorded No Consent Class)**

30. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

1  31. Defendant made prerecorded calls to residential telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express written consent to receive such calls.

32. By making the prerecorded calls to Plaintiff and the residential telephones of members of the Prerecorded No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendants violated 47 U.S.C. § 227(b)(1)(B).

33. The calls were for telemarketing purposes and announced the commercial availability of Defendant's hearing aid goods and services.

34. Neither Plaintiff nor any other member of the proposed Class had any established business relationship with either Defendant.

35. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

36. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Fred Heidarpour, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Deborah as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and Class Members;

3. Treble damages in case willful or knowing violations are proven

4. An order declaring that Defendant's actions, as set out above, violate the TCPA,

5. An injunction requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Claes;

6. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

7. An award of pre- and post-judgment interest; and

8. Such other further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be tried.

Respectfully submitted,

Dated: February 5, 2024    **FRED HEIDARPOUR**, individually and on behalf of all others similarly situated,

By: /s/ Penny L. Koepke
    One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300

Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

*Pro Hac Vice admission to be sought*