**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Heidarpour, | No. CV-24-00239-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Secured Marketing Concepts Corporation, | |
| Defendant. | |

At issue is Plaintiff's Declaration of Gadi Yuditsky (Doc. 12, "Dec."), filed in response to the Court's May 10, 2024 Order (Doc. 9) requiring Plaintiff to show proof of service.

The Court found Plaintiff's original proof of service inadequate first because it failed to state that Defendant was served with the Complaint. (Docs. 7, 9.) It also stated that the summons was served on "John Doe – apparently in charge," which was insufficient for the Court to determine whether Plaintiff served the Defendant corporation in compliance with the service of process rules. (Docs. 7, 9.) The Court ordered Plaintiff to file a new proof of service remedying these two defects. (Doc. 9.) Plaintiff filed the declaration of his process server. (Doc. 12.)

The declaration states that the process server entered Defendant's office and noticed a broker's license hanging on the wall bearing the name of Defendant's registered agent, Christopher Nelson Beard. (Dec. ¶ 4.) The process server eventually told a man inside the office that he was looking for Mr. Beard, but the man said he had never met Mr. Beard and

told the process server to leave. (Dec. ¶ 6.) The process server tried to hand the man "the service documents," but he refused to accept them and forced the process server to exit the office. The process server then "affixed said documents" to the door and announced service. (Dec. ¶ 8.) After the process server left, he searched the company on the internet, found images of the man he had spoken to, and concluded that "he appears to be someone in charge at the company." (Dec. ¶ 9.)

The declaration explains that the process server "was engaged by counsel for the Plaintiff in this matter to serve the complaint and summons." (Dec. ¶ 2.) And it goes on to state that the process server tried to hand off "the service documents" before he ultimately "affixed said documents" to a door. (Dec. ¶¶ 7–8.) These are the only mentions of any documents. Because the declaration does not specifically describe "the service documents," it does not clearly show whether the documents were the complaint and summons.

But even if the Court infers from the declaration that "the service documents" were the complaint and summons, Plaintiff's service is still lacking. A plaintiff may effectuate service of process in any judicial district pursuant to the service of process laws of either the state in which the district court is located or the state where service is made. Fed. R. Civ. P. 4(h)(1)(A), (e)(1). The declaration indicates that service was made in California. (Dec. ¶ 3.) To serve a corporation in California, the summons and complaint must be delivered either to "the person designated as agent for service of process" or to one of several listed officers or managers or a person authorized by the corporation to receive service of process. Cal. Civ. Proc. Code § 416.10(a)–(b). In lieu of personal delivery to such a recipient, the documents may be left "during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint . . . to the person to be served at the place where a copy of the summons and complaint were left." *Id.* § 415.20(a).

Although the process server stated that the man "appears to be someone in charge at the company," the declaration provides no facts in support of that conclusion. (Dec. ¶ 9.)

1. The declaration does not describe the details of the process server's internet search. (Dec. ¶ 9.) And although the declaration includes the image of an online review depicting the man, this tends to show only that the man works for Defendant. (Dec. ¶ 9.) There are no additional facts, such as his full name or job title, that would indicate the man was "apparently in charge" as required by California's statutes. Moreover, if a party elects to serve a corporation by leaving a copy of the documents at the office, the documents must also be mailed to the office after the fact. Cal. Civ. Proc. Code § 415.20(a). Neither the declaration nor the original proof of service make any mention of such a mailing. (Dec.; Doc. 7.) The declaration thus fails to establish adequate service under California law. And because Arizona does not allow the documents to be left with someone apparently in charge, *see* Ariz. R. Civ. P. 4.2(h), the purported service fails under Arizona law as well.

**IT IS THEREFORE ORDERED** that Plaintiff shall file a Proof of Service for Defendant showing service of the Summons and Complaint and establishing compliance with the Arizona Rules of Civil Procedure or the rules of any state in which service was made.

**IT IS FURTHER ORDERED** that Plaintiff shall complete service and file an affidavit with the Court that proves Defendant was served in compliance with the Rules within 30 days of the date of this Order.

Dated this 7th day of June, 2024.

Honorable John J. Tuchi
United States District Judge