**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Heidarpour,<br><br>    Plaintiff,<br><br>v.<br><br>Secured Marketing Concepts Corporation,<br><br>    Defendant. | No. CV-24-00239-PHX-KML<br><br>**ORDER** |

Plaintiff Fred Heidarpour filed this putative class action in February 2024. The complaint alleged a single claim under the Telephone Consumer Protection Act against defendant Secured Marketing Concepts Corp., d/b/a Pacific One Lending. The complaint alleged Pacific One "made (and continues to make) unsolicited telemarking calls without the prior express written consent of all call recipients." (Doc. 1 at 4.) The complaint identified a proposed class of all persons in the United States who received unauthorized telemarketing calls from Pacific One. (Doc. 1 at 6.)

Heidarpour had some difficulty in completing service of process but eventually served Pacific One in Delaware. (Docs. 9, 13, 16.) After Pacific One failed to appear, Heidarpour applied for entry of default and filed a motion for default judgment. (Doc. 19, 20, 21.) That motion for default judgment requests an unusual form of relief, asking the court to certify a class, immediately enter default judgment in favor of the class, and allow Heidarpour to pursue discovery "regarding the issue of damages." (Doc. 21 at 3.) Heidarpour's request is substantively and procedurally flawed: class certification is not

proper here and expedited discovery is not merited.

**I. Class Certification is Not Appropriate**

For a class to be certified, Heidarpour "must make two showings. First, [he] must establish there are questions of law or fact common to the class, as well as demonstrate numerosity, typicality and adequacy of representation." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022). Second, Heidarpour must establish his proposed class "fits into one of three categories" listed in Rule 23(b). *Id.* Heidarpour seeks certification of a Rule 23(b)(2) class because Pacific One has "acted or refused to act on grounds that apply generally to the class." (Doc. 21 at 11, 14.) He also seeks certification of a Rule 23(b)(3) class because "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." (Doc. 21 at 15.)

Before a class can be certified, "a district court must be satisfied, after a rigorous analysis, that the prerequisites" of Rule 23(a), 23(b)(2), and 23(b)(3) have been satisfied. *Id.* at 664. That analysis requires the court determine whether Heidarpour can "actually *prove*—not simply plead—that [his] proposed class satisfies each requirement of Rule 23." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014). Each requirement must be proven by a preponderance of the evidence. *Olean Wholesale Grocery Coop.*, 31 F.4th at 665.

Heidarpour argues Pacific One's default requires the court accept as true the allegations in the complaint. That is correct. But Heidarpour then argues those allegations should be deemed sufficient to certify a class. Heidarpour cites one case where a court followed this approach, but subsequent events in that case indicate why certifying a class in these circumstances presents unique difficulties.

In *Whitaker v. Bennett L., PLLC*, the plaintiff "asserted violations of the Telephone Consumer Protection Act." No. 13-CV-3145-L NLS, 2014 WL 5454398, at *1 (S.D. Cal. Oct. 27, 2014). The defendant did not appear, its default was entered, and the court certified

a nationwide class apparently based solely on the allegations in the complaint. *Id.* at *4. The court did not explain why it determined the complaint's allegations were sufficient for its certification analysis. The court later entered default judgment on liability and directed the plaintiff to conduct discovery to determine the appropriate amount of damages. *Whitaker v. Bennett L., PLLC*, No. 13-CV-3145-L(NLS), 2015 WL 12434306, at *1 (S.D. Cal. Jan. 26, 2015). After that discovery, there was no evidence identifying possible class members. That lack of evidence prompted the court to state "the class action may have been improvidently certified because the class is not ascertainable." *Whitaker v. Bennett L., PLLC*, No. 13-CV-3145-L(NLS), 2016 WL 4595520, at *1 (S.D. Cal. May 27, 2016). The court directed the plaintiff to establish why the class "should not be decertified." *Id.* at *2. Approximately two weeks after that order, the plaintiff voluntarily dismissed her claim. *Whitaker v. Bennett L., PLLC*, No. 13-CV-3145-L(NLS) (S.D. Cal. June 10, 2016).

The eventual outcome in *Whitaker* indicates that even if permissible, certifying a class when a defendant is in default may not be prudent. Other courts have addressed the issue directly and determined certification-by-default is inappropriate. *See Sapan v. Veritas Funding*, LLC, No. SACV2300468CJCADSX, 2023 WL 6370223, at *2 (C.D. Cal. July 28, 2023) (defendant in default "does not mean that mere allegations in a complaint are sufficient to establish Rule 23's class certification requirements"); *Pagano v. HN & Sons LLC*, No. 22-CV-4897 (BMC), 2024 WL 4625296, at *1 (E.D.N.Y. Oct. 30, 2024) ("the general principle that factual allegations in the complaint are deemed admitted by the defendant upon default does not apply because Rule 23 imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions"). The result reached by those other courts is convincing. The court cannot conduct a "rigorous analysis" to ensure all of Rule 23's requirements are met when it can look only to the allegations of the complaint. Heidarpour needs evidence beyond mere allegations.

Even if certification-by-default might be appropriate in some cases, it would be particularly inappropriate here based on one type of class Heidarpour seeks to certify. A

Rule 23(b)(3) class requires the court "direct to class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). Heidarpour presently has no idea who the class members are or where they are located. Without such information, Heidarpour cannot provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1045 (9th Cir. 2019) (simplified). And without notice, no Rule 23(b)(3) class is permissible.

A final flaw in Heidarpour's approach is his belief that he can obtain class certification and judgment at the same time. The Ninth Circuit has established notice to class members "must be sent *before* a judgment has been granted." *See Schwarzschild v. Tse*, 69 F.3d 293, 296 (9th Cir. 1995). The purpose of providing notice is to protect the due process rights of class members and give members the opportunity to make an intelligent choice whether to participate in the litigation. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("[D]ue process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court."). Certifying a class and immediately entering judgment defeats that purpose. Heidarpour's request for class certification is denied.

**II. Expedited Discovery is Not Appropriate**

After requesting certification of a class and entry of default judgment, Heidarpour requests permission to conduct expedited discovery to determine how many individuals were called and "the appropriate sum of damages." (Doc. 21 at 18.) The parties have not conferred pursuant to Fed. R. Civ. P. 26(f). Heidarpour, therefore, must show there is "good cause" to permit the discovery he seeks. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002). Some courts have authorized expedited discovery "when a defendant defaults and the plaintiff seeks discovery to establish liability and/or damages in pursuit of default judgment." *Nintendo of Am. Inc. v. Williams*, No. 2:24-CV-00960-LK,

2024 WL 5108471, at *2 (W.D. Wash. Dec. 13, 2024). But such discovery often involves requests aimed at third-parties who presumably would respond to those requests. *See, e.g., id.*

Heidarpour seeks permission to serve written discovery on Pacific One and "telephone services providers." (Doc. 21 at 3, 18.) Having ignored this suit, it is unlikely Pacific One will respond to discovery requests. At present, it would be futile to authorize Heidarpour to propound discovery requests to Pacific One. Heidarpour also wishes to "serve subpoenas upon the telephone service providers for the telephone number(s) that [Pacific One] utilized to contact [Heidarpour]." (Doc. 21 at 3.) According to Heidarpour, those "outbound call records" will "demonstrate the number of individual class members that were called as well as the number of calls made to each member." (Doc. 21 at 3.)

But this discovery will not give Heidarpour the information he needs to support class certification or the extent of damages. Heidarpour's claim under the TCPA will require evidence that each call reflected in the "outbound call records" was made using an "artificial or prerecorded voice." 47 U.S.C. §§ 227(b)(1)(A) and (B). The call records on their own will not include such evidence. Instead, evidence regarding how the calls were made is possessed only by Pacific One. And as noted above, there is no indication Pacific One would participate in discovery.[1] Third-party discovery would therefore also be futile.

### III. Renewed Motion or Dismissal

Pacific One chose not to appear and only Pacific One has the evidence that would be necessary for Heidarpour to obtain class certification or to determine class damages. There does not appear to be a viable path for Heidarpour to obtain class certification and a judgment in favor of that class. Heidarpour may be entitled to judgment in his favor on an individual basis and if he wishes to seek such a judgment, he may file a renewed motion to that effect. Alternatively, Heidarpour may determine he no longer wishes to pursue this

---

[1] The court notes "[e]xpress consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). The absence of evidence on that point, therefore, would not be fatal to Heidarpour's ability to prevail without discovery.

suit. In that situation, Heidarpour may file a notice of voluntary dismissal.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** within ten days of this order plaintiff shall file a renewed motion for default judgment seeking judgment only in his favor or, if he no longer wishes to pursue this case, a notice of voluntary dismissal.

Dated this 11th day of March, 2025.

Honorable Krissa M. Lanham
United States District Judge