Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fred Heidarpour, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Secured Marketing Concepts Corp., a Delaware corporation, d/b/a Pacific One Lending<br><br>Defendant. | Case No. 2:24-CV-00239-KML |

**PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT**
**AND MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

As the Court is aware, this case challenges Defendant Secured Marketing Concepts Corp. d/b/a Pacific One Lending's ("Defendant" or "Pacific One") violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*—specifically, its bar against making unauthorized pre-recorded calls to residential and cellular numbers. Plaintiff Fred Heidarpour ("Plaintiff" or "Heidarpour") filed his Class Action Complaint on February 5, 2024 and (after an attempt on March 5, 2024 which the Court previously found to be ineffective) obtained effective service on the Defendant on July 17, 2024. To

1

1  date, Defendant has failed to answer or otherwise respond to the Complaint, nor has it
2  contacted Plaintiff's counsel.
3       On March 11, 2025, the Court denied Plaintiff's Motion for Default Judgment
4  without prejudice, concluding that class certification and default on a class basis was not
5  viable given the Defendant's failure to defend itself, but stating that "Heidarpour may be
6  entitled to judgment in his favor on an individual basis and if he wishes to seek such a
7  judgment, he may file a renewed motion to that effect". While Plaintiff respectfully
8  disagrees with the Court's ruling on his class certification and discovery requests and
9  submits that the ruling incentivizes defendants to simply ignore class action complaints,
10 he does wish to seek judgment on an individual basis and does so herein.
11      As explained below and in Plaintiff's original Motion, each of the *Eitel* factors
12 argues in favor of default and default judgment should be entered in Heidarpour's favor.

## II.   ARGUMENT

The Court should enter an individual default judgment in Plaintiff's favor based on his well-pleaded allegations.

### A.   The Court has jurisdiction over both the Defendant as well as the subject matter of this case.

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). This Court has previously held that telephone calls directed at a recipient within the state of Arizona was sufficient to establish personal jurisdiction. *See Baker v. Caribbean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) ("The Court finds that complaint in this case is sufficient to establish specific jurisdiction, based on the allegation that Defendant made calls to Plaintiff's Arizona number and the fact that those calls are the basis for Plaintiff's claims."). Further, it is well settled that federal district courts possess subject matter jurisdiction over claims that arise under the

2

TCPA. *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 387 (2012) ("Federal courts have § 1331 jurisdiction over claims that arise under federal law. Because federal law gives rise to the claim for relief Mims has stated and specifies the substantive rules of decision, the Eleventh Circuit erred in dismissing Mims's case for lack of subject-matter jurisdiction.").

Applied to the present case, Plaintiff alleges that he is a resident of Scottsdale, Arizona and that he received telephone calls to his Arizona landline residential telephone number from Defendant and those calls are the basis of the instant lawsuit. Nothing more is needed to establish personal jurisdiction over Defendant. Next, given that Plaintiff alleges violations of the TCPA, this Court, as explained in *Mims*, has subject matter jurisdiction over the claims. Accordingly, the Court has jurisdiction over both the subject matter and the parties.

  **B.**  **The Court should enter default judgment because the well-pleaded allegations of the Complaint establish that Defendant serially violated the TCPA.**

"Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002) (citing *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). However, "a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

When exercising discretion as to the entry of default judgment, the Ninth Circuit requires this Court to analyze the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute

3

concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As explained below, each of these factors weighs in favor of granting Plaintiff's motion for default judgment.

### 1. Plaintiff would face substantial prejudice absent an entry of default.

The first *Eitel* factor examines the potential prejudice to Plaintiff if default judgment is not entered. *See Lowery v. Account Outsourcing Group, LLC*, No. 2:16-cv-3007-KJM-KJN, 2017 WL 3188950, at *2 (E.D. Cal. July 27, 2017). Courts find sufficient prejudice when plaintiffs are left with no other recourse against a defendant. *See Id.* ("Here, plaintiff would face prejudice if the court did not enter a default judgment, because plaintiff would be without another recourse against defendant."); *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1054 (N.D. Cal. 2010) ("[D]enial of Plaintiff's request for judgment and injunctive relief would leave Plaintiff with no means to prevent further infringement by Defendants, and leave Plaintiff prone to continued circumvention of its security measures by Defendants."); *Rls Distribution, Inc. v. Small*, Civil No. 16-3714 (RMB/JS), 2016 WL 6634873, at *2 (D.N.J. Nov. 8, 2016) ("Defendant Small's failure to respond to Plaintiff's Complaint or to oppose the Motion for Default Judgment has deprived the Plaintiff of the opportunity to litigate its claim against Defendant Small. Additionally, Plaintiff would suffer prejudice because it has no other remedy against Defendant Small."); *United States v. Vo*, Civ. A. No. 15-6327 (NLH/KMW), 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) ("Here, Defendant refused to participate in this matter, and at present, this delay may stretch on indefinitely. Thus, denying this motion for default judgment will prejudice Plaintiff."); *Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012) ("A plaintiff

is prejudiced if denying the default judgment would result in the loss of evidence or impair the plaintiff's ability to effectively pursue his or her claim.").

Applied here, Plaintiff faces substantial prejudice if default isn't entered. Absent a default, Defendant would escape being held accountable for its unlawful telemarketing practices, and Plaintiff would recover nothing despite the TCPA's provision for both statutory damages and injunctive relief. Further, absent an entry of default, evidence could be lost or impaired as memories fade and documents are destroyed.

In sum, the prospect of prejudice against Plaintiff weighs heavily in favor of granting Plaintiff's motion for default judgment.

### 2. Plaintiff's Complaint contains well-pleaded factual allegations that establish repeated violations of the TCPA, thus, the default pleading standards are met.

"With regard to the second and third factors, the plaintiff is required to 'state a claim on which the [plaintiff] may recover.'" *Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002)). In other words, these factors weigh in favor of default when plaintiff has stated plausible claims for relief under the pleading standards of Rule 8. *See Sales Force Won! Limited v. Teixidor Enterprises Incorporated*, No. CV-17-04730-PHX-DLR, 2018 WL 20183919, at *2 (D. Ariz. May 11, 2018).

Plaintiff's allegations lay out a clear prima facie case. Specifically, he pleaded that Defendant conducts a wide-scale telemarketing campaign in which calls were placed to his residential telephone, that the Defendant utilized a pre-recorded voice to make said calls, and that Plaintiff never gave any consent to Defendant to place calls to him. (Compl. ¶¶ 17-20.) Nothing further is needed to state a claim under the TCPA; therefore, Plaintiff is entitled to a default judgment.

### 3. The sum of money at stake is reasonable and weighs in favor of default.

5

1        The next factor balances "'the amount of money at stake in relation to the seriousness of the [d]efendant's conduct.'" *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 921 (C.D. Cal. 2010) (quoting *PepsiCo*, 238 F.Supp.2d at 1176.). Courts repeatedly find minimum statutory damages to be reasonably in regards to the fourth *Eitel* factor. *See Elektra Entertainment Group Inc.*, 226 F.R.D. at 393 ("[T]he amount of statutory damages and costs requested consists of discretionary awards and statutory minimums . . . Thus, this factor favors granting default judgment as well."); *see also J & J Sports Productions, Inc. v. Hernandez*, No. 2:09-cv-3389 GEB KJN, 2010 WL 1980186, at *4 (E.D. Cal. May 17, 2010) ("[P]laintiff's request for statutory damages and damages for conversion are tailored to defendants' specific wrongful conduct. . . . Under these circumstances, the undersigned concludes that this factor favors the entry of default judgment."); *see also Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL 1665034, at *5 (E.D. Cal. Apr. 24, 2014) ("Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by the California statutes. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. . . . Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled to statutory damages of $4,000.00.").

       Plaintiff requests statutory damages in the amount of $1,500 for each of the five (5) unlawful calls made to him as alleged in paragraphs 17-19 of his Complaint, for a total of $7,500. *See* 47 U.S.C. §227(b)(3)(B). "Courts have applied various tests for deciding when trebling the statutory damage award is appropriate." *See Charvat v. NMP, LLC*, No. 2:09-cv-209, 2012 U.S. Dist. LEXIS 139505, at *15 (S.D. Ohio Sep. 27, 2012) (collecting cases and trebling damages on motion for default judgment). The "purpose of the treble damages provision of the TCPA was more compensatory than punitive." *Id.* (citing *Alea London Ltd. v. Am. Home Services, Inc.*, 638 F.3d 768 (11th Cir. 2011)). Treble damages are "designed as an additional incentive for aggrieved parties to file suit since their actual and basic statutory damages were likely to be minimal." *Id.*

6

*See also Misner v. Empire Auto Protect, LLC,* 2024 U.S. Dist. LEXIS 202146 (S.D. Ohio Nov. 6, 2024) (awarding treble damages in a TCPA default judgment).

For the reasons stated above, the sum of monetary damages are reasonable in light of Defendant's actions and weigh in favor of a default judgment in the amount of $7,500.

### 4. Defendant failed to appear, as a result, no dispute concerning material facts exists.

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. In reviewing this factor, Courts repeatedly find that no genuine dispute of material facts exists when a defendant fails to appear and answer. *See Id.* ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. . . . Accordingly, no genuine dispute of material facts would preclude granting Plaintiffs' motion."); *see also Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1071 (D. Ariz. 2006) ("Here, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts all allegations in Film Corp.'s complaint as true (except for those relating to damages) and (2) Streeter has not made any attempt to challenge Film Corp.'s Complaint or even appear in this case."); *see also Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

In Heidarpour's case, Defendant refused to appear and answer. As such, all factual allegations are taken as true. Furthermore, Plaintiff has pleaded all the necessary facts to establish repeated violations of the TCPA. Thus, there is little possibility of disputed facts and this element too argues in favor of granting default.

### 5. There is no excusable neglect.

7

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Courts consistently find the possibility of excusable neglect to be remote when a defendant is properly served with the complaint and summons. *See Benson v. Bingham, LLC v. Ventura*, No. 2:09-CV-02220-LRH, 2010 WL 2681755, at *2 (D. Nev. July 1, 2010) ("The evidence shows that Plaintiff properly served Defendants with the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. . . . Therefore, the court finds that Defendants' failure to respond and express an interest in the underlying settlement did not result from excusable neglect."); *see also Ibarra v. Hernandez*, Case No. CV 15-6169 DMG (ASx), 2016 WL 8849021, at *3 (C.D. Cal. Jan. 15, 2016) ("There is no indication that Defendants' failure to answer is due to excusable neglect. Both have been served and neither have answered."); *see also Sales Force Won! Limited v. Teixidor Enterprises Incorporated, No.*, CV-17-04730-PHX-DLR, 2018 WL 20183919, at *2 (D. Ariz. May 11, 2018) ("Defendants were properly served with process in this matter and copies of the application for default and the present motion for default judgment. It therefore is unlikely that Wells Fargo's default was a result of excusable neglect.").

Here, Defendant was timely and properly served with a copy of the summons and complaint at least once. (*See* Dkts. 7, 12, and 16.) There is little doubt that no excusable neglect exists in this case. Thus, this factor weighs in favor of granting default judgment.

### 6. Defendant refuses to participate in this litigation, as such; a decision on the merits is nearly impossible.

The final *Eitel* factor requires courts to consider "the strong policy of the federal courts in favoring decisions on the merits." *HICA Educ. Loan Corp. v. Eslao*, No. C 11-5135 CW (MEJ), 2012 WL 1413373, at *4 (N.D. Cal. Mar. 7, 2012). "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F.Supp.2d at 1177 (citation omitted). Furthermore, courts find decisions on the merits to be essentially impossible when a Defendant refuses to

answer. *See Id.* ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible."); *see also Sales Force Won! Limited v. Teixidor Enterprises Incorporated, No.*, 2018 WL 20183919, at *2 ("Indeed, Defendants' failure to answer the complaint 'makes a decision on the merits impractical, if not impossible.'" (citation omitted)).

Here, Defendant was timely served and failed to respond. Defendant's refusal to appear and answer the complaint or seek an extension of time to respond makes it nearly impossible for a decision on the merits to occur. Left with no other options, Plaintiff now seeks a default judgment on behalf of himself. As such, this factor too weighs in favor of default.

## III.   CONCLUSION

Defendant had ample notice of this lawsuit and willfully passed on its opportunity to defend itself against the well-pleaded allegations at issue. Therefore, Plaintiff respectfully requests that the Court enter default judgment in his favor in the amount of $7,500 ($1,500 per individual violation alleged), and award such additional relief as it deems necessary, reasonable, and just.

Respectfully submitted,

Dated: March 19, 2025

**FRED HEIDARPOUR**, individually and on behalf of all others similarly situated,

By: _s/      Patrick H. Peluso_
One of Plaintiff's Attorneys

Patrick H. Peluso*
ppeluso@pelusolawfirm.com
Peluso Law, LLC
865 Albion Street, Suite 250
Denver, Colorado 80220
Telephone: (720) 805-2008

9

Attorneys for Plaintiff

*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's electronic filing system on March 19, 2025.

                                              */s/ Patrick H. Peluso*