**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Heidarpour, | No. CV-24-00239-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Secured Marketing Concepts Corporation, | |
| Defendant. | |

Plaintiff Fred Heidarpour filed this suit after receiving pre-recorded calls from defendant Secured Marketing Concepts Corporation. Defendant was served but did not respond and its default was entered. (Doc. 20.) Heidarpour seeks default judgment in the amount of $7,500.

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**I. Possibility of Prejudice**

The first factor regarding the prejudice to Heidarpour weighs in favor of default judgment because if "default judgment is not granted, [Heidarpour] will likely be without

other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

## II. Merits of the Claims and Sufficiency of the Complaint

The second and third factors require assessing the merits of Heidarpour's claims and the sufficiency of his complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

Beginning on September 22, 2020, Heidarpour received multiple calls on his residential telephone line from defendant. Those calls "featured an artificial or pre-recorded voice" and "solicited [Heidarpour] regarding home equity financial products." (Doc. 1 at 5.) Heidarpour continued to receive calls even "*after* [he] had asked Defendant to stop calling him." (Doc. 1 at 5.) These calls caused "actual harm in the form of annoyance, nuisance, and invasion of privacy." (Doc. 1 at 5.) Heidarpour asserts a single claim under the Telephone Consumer Protection Act ("TCPA").

A TCPA claim of the sort Heidarpour is pursuing requires he establish defendant called a residential telephone line, using an automatic telephone dialing system, without his prior express consent. 47 U.S.C. § 227(b)(1)(B); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (identifying elements under related subsection of TCPA). Accepted as true, Heidarpour's allegations state a strong TCPA claim. The second and third factors weigh in favor of default judgment.

## III. Amount in Controversy

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014).

The TCPA provides statutory damages of $500 per unlawful call. 47 U.S.C.

§ 227(b)(3)(B). Those damages can be tripled upon a finding "the defendant willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3). Heidarpour seeks damages of $1,500 for each of the five unlawful calls he received, for a total award of $7,500. Assuming Heidarpour is entitled to that full amount, the amount in controversy is relatively minimal. This factor weighs in favor of default judgment.

**IV. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. Defendant's decision not to participate means there is no indication of such disputes. This factor weighs in favor of default judgment.

**V. Excusable Neglect**

The sixth factor is whether defendant's failure to respond could be due to excusable neglect. Defendant was served and there is no evidence of excusable neglect. This factor supports default judgment. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion.").

**VI. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quotation marks and citation omitted).

**VII. Default Judgment is Merited**

The relevant factors support entry of default judgment, leaving only the issue of damages.

**VIII. Damages**

It is Heidarpour's burden to prove the amount of his damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Heidarpour requests $7,500 in statutory damages, which requires he establish defendant acted knowingly or

willfully. Defendant continued to call Heidarpour after he asked it to stop, which indicates defendant acted knowingly. *See Olney v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220, 1227 (S.D. Cal. 2014) (plaintiff plausibly pleaded defendant acted knowingly or willfully by continuing to call after defendant was informed "it was calling the wrong person"). Heidarpour is entitled to the full amount he seeks.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 23) is **GRANTED**. The Clerk of Court shall enter judgment in favor of plaintiff in the amount of $7,500 and close this case.

Dated this 25th day of July, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge